UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gita Krausz, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br> -v.-<br><br>Cavalry Portfolio Services, LLC,<br><br>      Defendant(s). | Civil Action No: 7:21-cv-4147<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gita Krausz (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC against Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers,"

1

and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Orange.

8.  Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address for service at CT Corporation System 28 Liberty St., New York, NY 10005.

9.  Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.  to whom Defendant sent a response to a consumer's dispute;

    c.  that failed to properly explain the difference between the charged off amount of the debt and amount of the debt owed;

    d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 22, 2021, an obligation was allegedly incurred to creditor Citibank, N.A. (hereinafter "Citibank").

21. The Citibank obligation arose out of transactions involving personal, family or household purposes obtained by Plaintiff from Citibank and was incurred primarily for personal, family or household purposes.

22. Specifically, Plaintiff allegedly bought goods for personal and/or family use using her Citi Diamond Preferred Credit Card.

23. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Defendant subsequently purchased the defaulted Citibank debt for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violation – March 22, 2021 Collection Letter*

26. On or about March 22, 2021, Defendant sent the Plaintiff a response to a dispute made by the Plaintiff regarding the alleged debt, originally owed to Citibank (See "Letter" attached as **Exhibit A**).

27. Towards the top right portion of the Letter on page one, it lists in relevant part:

| | |
|---|---|
| Charge Off Date: | Jul 12, 2019 |
| Amount Owed at Charge Off: | $2,435.11 |
| Interest since Charge Off: | $0.00 |
| Other Charges or Fees since Charge Off: | $0.00 |
| Payments since Charge Off: | $0.00 |
| Amount of Debt Owed: | $2,397.14 |

28. The Letter claims to be a "substantiation" of the Plaintiff's debt; however, it remains unclear as to why there is a $37.97 decrease between the "amount owed at charge off" and the "amount of debt owed".

29. This $37.97 difference is further puzzling in light of the zero amount allocations for the categories of "interest", "fees" and "payments."

30. Furthermore, the Letter includes a statement from Citibank (Billing period: 6/15/19 to 7/12/19) which lists the balance as $2,435.11.

31. The Letter is confusing and misleading. The Plaintiff was left wondering if she must pay the balance listed on the original debt or the balance listed on the debt collector's Letter. The least sophisticated consumer, and the plaintiff included, remains puzzled as to which entity is correct, the original creditor or the debt collector.

32. The Defendant failed to provide any explanation in the Letter as to why the balance decreased subsequent to charge off. The omission of an explanation leaves open several options in the mind of a consumer; including:

(1) the Defendant intends to waive the last interest fee of $37.97, and failed to state their waiver in the validation Letter;

(2) the Defendant made a mistake on the "Amount of Debt Owed" line-item, which would leave the Plaintiff with a remaining balance, should she opt to pay the $2,397.14 "Amount of Debt Owed", as listed on page one.

33. Therefore, the Letter provided by the Defendant which ostensibly intends to validate the Plaintiff's debt has no meaning and serves only to mislead and confuse the consumer as the true balance cannot be determined from the Letter.

34. The Plaintiff could not determine the correct amount owed from the Letter because two different balances were provided without any explanation for the difference between the balances.

35. Plaintiff incurred an informational injury as she could not ascertain from the deceptive and misleading Letter the total amount she currently owed on the debt.

36. Further, Defendant's Letter is potentially a false representation of the amount of the debt due, depending on what motivated Defendant's total balance – either a mistake or forgoing the last interest payment.

37. As a result of Defendant's false, deceptive, and misleading debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendant violated §1692e :

   a. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2);

   b. By making a false and misleading representation in violation of §1692e(10).

42. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Gita Krausz, individually and on behalf of all others similarly situated, demands judgment from Defendant Cavalry Portfolio Services, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 10, 2021

Respectfully Submitted,

**STEIN SAKS, PLLC**
*/s/ Tamir Saland*
Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
(201) 282-6500 ext. 122
(201) 282-6501 Fax
tsaland@steinsakslegal.com
*Counsel for Plaintiff*